UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDA GUZMAN,<br><br>                            Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>                           Defendant. | Case No.: 17cv2593-CAB-AGS<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES [Doc. No. 32]** |

On December 20, 2018, this Court issued an order granting Plaintiff's motion for summary judgment and denying Defendant's motion for summary judgment. [Doc. No. 30.] On March 20, 2019, Plaintiff filed a motion for attorneys' fees. [Doc. No. 32.] On April 19, 2019, Defendant filed an opposition to the motion. [Doc. No. 36.] On April 25, 2019, Plaintiff filed a reply to the opposition. [Doc. No. 37.] After a careful review of the submissions of the parties, the Court **GRANTS** Plaintiff's motion for attorneys' fees.

DISCUSSION

Plaintiff has submitted an application for attorney's fees pursuant to the Equal Access to Justice Act, ("EAJA") 28 U.S.C. section 2412. Defendant opposes the motion

1

on the grounds that the fees requested are unreasonable. The Court grants Plaintiff's application, as set forth below.

The EAJA shifts the burden of attorney's fees from the private litigant to the government in order to reduce the chance that the expense of legal representation will deter defense against unreasonable government action. *Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir.1984). "[A] litigant is entitled to attorney's fees and costs if (1) [s]he is the prevailing party, (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust, and (3) the requested attorney's fees and costs are reasonable. 28 U.S.C. § 2412(d)(1)(A); *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir.2005) (citing *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir.2002)) (further citation omitted).

A. Plaintiff is the prevailing party.

An applicant for Social Security benefits who receives a remand under sentence four of 42 U.S.C. section 405(g) is a prevailing party, regardless of whether the applicant later succeeds in obtaining the requested benefits. *Shalala v. Shaefar*, 509 U.S. 292, 302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Garnica v. Astrue*, 378 Fed. Appx. 680, 681 (9th Cir. 2010). The Court remanded this action to the ALJ pursuant to sentence four of 42 U.S.C. section 405(g). [Doc. No. 30 at 19-20.] Plaintiff is therefore a prevailing party. See *Shalala*, 509 U.S. at 302.

B. The Commissioner does not argue that her position was substantially justified.

The government bears the burden of showing that its position was, as a whole, substantially justified. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir.2001) ("*Gutierrez II* "). To meet this standard, the government must advance a position that is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person*." Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir.2008) (citation and internal quotations omitted). In making this determination, a court "must focus on two

2

questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez II*, 274 F.3d at 1258–59 (quotations, citations, and modifications omitted). The Commissioner must show that his position was substantially justified "with respect to the issue on which the court based its remand." *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir.1995). It is an abuse of discretion to find "that an agency's position was substantially justified when the agency's position was based on violations of ... the agency's own regulations...." *Gutierrez II*, 274 F.3d at 1259–60 (citing *Mendenhall v. NTSB*, 92 F.3d 871, 874 (9th Cir.1996)).

Here, the Commissioner does not argue that her position was substantially justified or that special circumstances make an award unjust.

C. The requested attorney's fees are reasonable.

Plaintiff's counsel seeks an order awarding a total of $117,132.11 in attorney's fees.[1] That amount accounts for 5 hours of attorney time at the 2017 rate of $196.79 per hour, 77 hours of attorney time at the 2018 rate of $201.60, and 3.1 hours of attorney time at the 2019 rate of $201.60 per hour. The Commissioner argues that the number of hours Plaintiff's attorneys claim to have spent litigating this action is unreasonable. Specifically, the Commissioner asserts that the work could have been accomplished in 48.8 hours and suggests an award of $10,418.83. [Doc. No. 36 at 8.]

The EAJA directs the court to award reasonable fees. 28 U.S.C. § 2412(d)(2)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. See *Commissioner, INS v. Jean*, 496 U.S. 154 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983), abrogated on other grounds by *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, (1989);

---

[1] Plaintiff states that she is not seeking any fees for preparing the reply to the motion for attorneys fees. [Doc. No. 37 at 4.]

*Passatino v. Johnson & Johnson Consumer Prods., Inc*., 212 F.3d 493, 515 (9th Cir.2000); *Atkins v. Apfel*, 154 F.3d 986 (9th Cir.1998).

Here, the Commissioner does not dispute the reasonableness of the rates, but rather the number of hours expended. The Court finds that the requested rates, based upon the EAJA rates found on the Ninth Circuit Court of Appeals website, are reasonable.

As to the number of hours expended, Plaintiff's counsel has submitted detailed billing records showing the number of hours expended for each task. [Doc. No. 32 at 9 - 15.] The Commissioner disputes the reasonableness of the hours spent on particular tasks and then suggests what she thinks would have been a reasonable amount of time for each task. [Doc. No. 36 at 6-8.] However, the Court sees no reason to dispute Plaintiff's counsel's representation that all hours were reasonably expended. The Administrative Record in this case was over 1100 pages long, and Plaintiff had complicated mental and physical health diagnoses, all of which had to be evaluated against Social Security regulations and guidelines. Given the complexity of the matter, as well as the fact that Plaintiff's counsel submitted over 56 pages of briefing in this matter (not including the motion for attorneys' fees), 82.1 hours of attorney time is not unreasonable. See *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000).

D. Payment of EAJA fees.

The Commissioner asserts that any EAJA fees awarded must be made payable to Plaintiff, not to her attorney. [Doc. No. 36 at 8, citing *Astrue v. Ratliff ("Astrue")*, 130 S.Ct. 2521, 2528 (2010).] Plaintiff does not disagree the standard in *Astrue* applies, but requests that if Plaintiff does not owe a government debt that qualifies for offset, then payment should be made in the name of her attorney. [Doc. No. 37 at 4.] Pursuant to *Astrue*, if the government determines Plaintiff does not owe a federal debt, then the government shall cause the payment of the award to be made directly to Plaintiff's attorney.

/ / / / /

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorneys' fees in the amount of $17,132.11 is **GRANTED**. If the government determines Plaintiff does not owe a federal debt, then the government shall cause the payment of the award to be made directly to Plaintiff's attorney.

**IT IS SO ORDERED.**

Dated: April 29, 2019

Hon. Cathy Ann Bencivengo
United States District Judge